IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARTIN DELGADO**                                                                               **PETITIONER**

**v.**                                          **NO. 5:17-cv-109-DCB-MTP**

**WARDEN S. JULIAN**                                                 **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petitioner of Martin Delgado for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be denied and this action be dismissed without prejudice.

## BACKGROUND

On April 5, 2007, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and reentry of a deported alien after aggravated felony conviction in violation of 8 U.S.C. § 1326. *See* Petition [1]; Exhibit [11-1]. Petitioner is incarcerated at the Adams County Correctional Center ("ACCC"). On August 25, 2017, Petitioner filed this habeas action arguing that, because of an immigration detainer lodged against him by the United States Immigration and Custom Enforcement ("ICE"), the Bureau of Prison ("BOP") will not transfer him to a facility where he can participate in a drug abuse program and a residential reentry center. On December 20, 2017, Respondent filed a Response [11] arguing that this action should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing his Petition [1].

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent submitted a declaration of Rosalind Ellington, an Administrative Remedy Specialist in the BOP's Central Office. *See* Declaration [11-2]. According to Ellington, ACCC has a multi-step administrative process for resolving prisoner complaints. An inmate must first submit a grievance to the ACCC contractor.[1] If unsatisfied with the contractor's response, the inmate may appeal to the BOP's Privatization Management Branch, using Administrative

---

[1] Ellington states that the BOP contracts with Core Civic to house federal inmates at ACCC, which is contractor-owned and operated.

Remedy Form BP-230.  Finally, the inmate may appeal to the BOP's Office of General Counsel, using Administrative Remedy Form BP-231. *Id*.

Ellington states that Petitioner "has never filed any administrative remedies with the BOP." *Id*.  In response, Petitioner argues that he did exhaust his administrative remedies, citing correspondence he had with the Warden of ACCC.  On May 30, 2017, Petitioner sent a letter to the BOP's Designation Center, requesting a transfer to a facility closer to his family. *See* Letter [12-1].  The Warden of ACCC responded on June 8, 2017, stating that Petitioner's ICE detainer made him ineligible for a transfer. *See* Letter [12-2].  Thereafter, Petitioner informed the Warden that he intended to oppose removal from the United States and that his judgment of conviction stated that he should receive drug abuse treatment. *See* Letter [12-3].  On June 28, 2017, the Warden responded, stating that Petitioner had been placed in a "facility that was appropriate for his background and level of offense." *See* Letter [12-4].

As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91; *see also Metrejean v. Upton*, 2012 WL 3288678, at * 3 (E.D. Tex. Mar. 27, 2012) ("Administrative remedies must be fully exhausted in a procedurally correct manner."); *Glaude v. Longley*, 2012 WL 5335296, at *2 (S.D. Miss. Oct. 1, 2012) ("an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal").  Petitioner did not comply with the BOP's administrative procedural rules.  Even if Petitioner's correspondence with the Warden of ACCC were considered a grievance, Petitioner did not file an appeal with the BOP's Privatization

3

Management Brach, nor did he file an appeal with the BOP's Office of General Counsel. Thus, Petitioner failed to exhaust his available administrative remedies as required by law.

Additionally, Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62. Petitioner argues that further requests for administrative relief would have been futile, but this conclusory assertion does not meet the burden of demonstrating that administrative review would be patently futile. *See Cole v. Upton*, 2012 WL 928312, at *3 (E.D. Tex. Feb. 22, 2012); *Brown v. Young*, 2009 WL 666945 at *3 (W.D. La. Feb. 3, 2009). The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Buckley v. Pearsons*, 2011 WL 3022539, at *1-2 (S.D. Miss. May 25, 2011); *Champkungsing v. United States*, 2010 WL 3120044 (S.D. Miss. Aug. 4, 2010); *Braddy v. Fox*, 2014 WL 3884251, at *2 (E.D. Tex. Aug. 7, 2014).[2]

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

---

[2] Although Petitioner did not raise the issue in his Response [11], it appears that Petitioner cannot pursue his claim in a Section 2241 habeas petition and must pursue a civil rights action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because a favorable determination of his claim would not automatically entitle him to accelerated release. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *see also Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion for prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under section 1983 or *Bivens*.")

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 1st day of March, 2018.

                                          s/Michael T. Parker
                                          UNITED STATES MAGISTRATE JUDGE