IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARTIN DELAGADO, #57117-083                                          PETITIONER

VS.                                    CIVIL ACTION NO. 5:17-cv-109-DCB-MTP

WARDEN S. JULIAN,
ADAMS COUNTY CORRECTIONAL CENTER                                     RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on the petition for Writ of Habeas Corpus, filed under § 2241, the Report and Recommendation **(docket entry 13)** of the United States Magistrate Judge, Michael T. Parker, and petitioner's Objection thereto. (docket entry 14). Having carefully considered the petitioner's Objection and conducted a de novo review of those portions of the Report and Recommendation to which the petitioner has objected in light of all applicable law, the Court finds that the petitioner's case should be dismissed sua sponte for petitioner's failure to exhaust his administrative remedies with the Bureau of Prisons ("BOP") and demonstrate extraordinary circumstances which would constitute an exception to the exhaustion requirement.

On August 25, 2017, Delagado filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He challenges the Federal Bureau of Prisons' decision to house him at the Adams County Correctional Center ("ACCC"), and the Bureau's refusal to transfer him to a facility where he can participate in a drug abuse

program and a residential reentry center because of a U.S. Immigration and Customs Enforcement ("ICE") detainer. (docket entry 1). Despite never exhausting his administrative remedies with the BOP (docket entry 11-2), the petitioner argues that it would be futile to do so because of the ICE detainer. (docket entry 14).

I. Petitioner's failure to exhaust all administrative remedies as required by law.

Before a federal inmate can seek habeas relief pursuant to 28 U.S.C. § 2241, he must exhaust his administrative remedies through the BOP. Rourke v. R.G. Thompson, 11 F.3d 47, 49 (5th Cir. 1993); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Rosalind Ellington, an Administrative Remedy Specialist in the Central office for the BOP, states that the Adams County Correctional Center ("ACCC") has a multi-step administrative process for resolving prisoner complaints. (docket entry 11-2). First, an inmate must submit a grievance to the contracting authority, using the local grievance procedures at ACCC. If the inmate is unsatisfied with the response, he may then appeal to the BOP's Privatization Management Branch, using the Administrative Remedy Form BP-230. Finally, if the inmate is still unsatisfied with the response of the Privatization Management Branch, then he may take a final appeal to the BOP's Office of General Counsel, using the Administrative Remedy Form BP-231.

2

Ellington states that the petitioner "has never filed any administrative remedies with the BOP." (docket entry 11-2). However, the petitioner argues that he exhausted his administrative remedies by writing letters to the Federal Bureau of Prisons Designation Center, citing correspondence he had with the Warden of ACCC. (docket entry 14).

"Proper exhaustion of administrative remedies is necessary," and is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); See also Herrera-Villatoro v. Driver, 269 Fed. App'x. 372 (5th Cir. 2008). The petitioner, Delagado, did not comply with the BOP's administrative procedural rules. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91; See also Metrejean v. Upton, 2012 WL 3288678, at *3 (E.D. Tex. Mar. 27, 2012)("Administrative remedies must be fully exhausted in a procedurally correct manner."); Glaude v. Longley, 2012 WL 5335296, at *2 (S.D. Miss. Oct. 1, 2012)("an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal").

As stated in Magistrate Judge Parker's Report and Recommendation, "even if the petitioner's correspondence with the

3

Warden of ACC were considered a grievance, [he] did not file an appeal with the BOP's Privatization Management Branch, nor did he file an appeal with the BOP's Office of General Counsel." Thus, the petitioner has failed to exhaust his available administrative remedies as required by law.

## II. Petitioner's Failure to Demonstrate Extraordinary Circumstances for His Failure to Exhaust All Administrative Remedies.

The exhaustion requirement is not absolute; there are exceptions, but these exceptions only apply in "extraordinary circumstances." Broderick v. Chapman, 364 Fed. App'x 111, 112 (5th Cir. 2010). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (quoting Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)). The petitioner bears the burden of demonstrating the futility of administrative review when seeking waiver of the exhaustion requirement. Id.

The petitioner argues that further requests for administrative relief would have been futile. (docket entry 14). Magistrate Judge Parker opines that this assertion is conclusory and does not meet the burden of demonstrating that administrative review would be patently futile. See Cole v. Upton, 2012 WL 928312,

4

at *3 (E.D. Tex. Feb. 22, 2012); Brown v. Young, 2009 WL 666945 at *3 (W.D. La. Feb. 3, 2009). Until the petitioner actually goes through the procedurally correct process for administrative remedies, the Court does not know what the BOP will do with the petitioner's claim. The BOP should have an opportunity to consider the petitioner's claim, and consider possible relief, prior to petitioner's pursuit of his claim in this Court. See Buckley v. Pearsons, 2011 WL 3022539, at *1-2 (S.D. Miss. May 25, 2011); Champkungsing v. United States, 2010 WL 3120044 (S.D. Miss. Aug. 4, 2010); Braddy v. Fox, 2014 WL 3884251, at *2 (E.D. Tex. Aug. 7, 2014). The Court should not intrude on the BOP's internal administrative remedy process, as the petitioner's assertion is insufficient to establish "extraordinary circumstances." See DCP Farms v. Yeutter, 957 F.2d 1189 (5th Cir. 1992).

In his Report and Recommendation, Magistrate Judge Parker finds that the Petition for Writ of habeas Corpus **(docket entry 1)** should be denied, and that this action should be dismissed without prejudice for the petitioner's failure to exhaust administrative remedies as required by law or demonstrate extraordinary circumstances which would constitute an exception to the exhaustion requirement.

Accordingly,

THE COURT HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Parker as the findings and conclusions of this Court and dismisses this matter without prejudice.

A final judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 5th day of June, 2018.

                                              /s/ David Bramlette_____
                                              UNITED STATES DISTRICT JUDGE